IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH A. BRITON, an individual doing business as DIAMOND HEADS, ) ) ) | |
| Plaintiff, ) | |
| v. ) ) | NO. 3:04-0177 JUDGE HAYNES |
| RONALD JOE LOGGANS, also known as ) GONZO, doing business as ) YOURMACHINIST, ) ) | |
| Defendant. ) | |

## M E M O R A N D U M

Plaintiff, Keith Briton, an individual doing business as Diamond Heads, filed this action

under 28 U.S.C. § 1331, 1338 and 15 U.S.C. 1121 against Defendants Ronald Joe Loggans, also

known as Gonzo, and William G. Taylor,[1] individually and jointly doing business as Yourmachinist.

Plaintiff asserts claims of patent infringement under 35 U.S.C. § 271; federal trademark infringement

under the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1114; unfair trade practices under

the Lanham Act, 15 U.S.C. § 1125(a); and common law trademark infringement and state trademark

infringement under Tenn. Code Ann. § 47-25-512.

Plaintiff owns a patent for a customized diamond-cut motorcycle engine head and cylinder

and owns state and federal trademarks for the term "DIAMOND HEADS" in connection with his

vehicle customization business. The gravamen of Plaintiff's complaint is that Defendant Loggans

sells custom motorcycle engine parts similar to the one for which Plaintiff owns a patent and markets

these parts and services using terms similar to those for which Plaintiff owns federal and state

trademarks. In earlier proceedings, the Court denied the Plaintiff's motion for partial summary

---

[1]Defendant Taylor was dismissed from this action by Order. (Docket Entry No. 25)

judgment. (Docket Entry No. 82). Plaintiff has since limited his claims to his patent infringement claim. See Docket Entry No. 96.

Before the Court are Plaintiff's motions in limine, seeking to exclude certain evidence and testimony, (Docket Entry Nos. 108 and 112), contending, in sum: (1) that the testimony of Rex Barbas and Clyde Rawlings, should be excluded for lack of sufficient detail, corroboration and probative value; (2) that the two engine heads allegedly created in 1989 and 1996 ("Engine head No. 1," "Engine head No. 2") should be excluded because these items were not in public use and therefore cannot constitute prior art; (3) that the 1970 Chopper Magazine photograph lacks sufficient detail and therefore should be excluded; and (4) that some of the documents and witnesses were not disclosed timely.

In his response (Docket Entry No. 125), the Defendant opposes exclusion of said evidence contending, in essence: (1) that the complete depositions of Barbas and Rawlings have probative value and the strict corroboration requirement should not apply here to exclude these witnesses; (2) that Plaintiff could specify the time he created Engine head No. 1, and that many people saw Engine head No. 2 in different states; and (3) that the 1970 Chopper Magazine photograph should be admitted and the jury should decide whether the detail in the photograph is sufficient to constitute prior art.

At the final pretrial conference, the Court stated its intention to reconsider its earlier summary judgment ruling in light of these motions in limine.

For the reasons stated below, the Court concludes that the testimony of Barbas and Rawlings and the 1970 Chopper Magazine photograph are admissible at trial, but other witnesses, documents and the engine heads, should be excluded. Finally, the Court concludes that under Supreme Court

2

precedents, Defendant's proof is insufficient to establish his heavy burden of proof that the Plaintiff's patent is invalid.

## A. ANALYSIS OF THE MOTIONS

### 1. Plaintiff's motions in limine

Plaintiff first contends that the testimony of the Defendant's witnesses, Barbas and Rawlings should be excluded, because both witnesses "lack sufficient personal knowledge" and their testimony lack sufficient detail, corroboration and probative value. (Docket Entry No. 109, Plaintiff's Memorandum at 2-6). Specifically, Plaintiff urges the court to apply the strict corroboration rule as stated in The Barbed-Wire Patent, 143 U.S. 275 (1892).

Defendant responds that the "entire transcript of ... Barbas, ... Arlen Ness and ... Clyde Rawlings" establishes the relevancy of their testimony. (Docket Entry No. 126, Defendant's Memorandum in support of Response to Plaintiff's motion in limine No. 1 at 1). Specifically, Defendant contends that witnesses have personal knowledge in "saw cuts," that are relevant to the patented product and therefore, their testimony has probative value sufficient to meet his burden of proof. Id. Defendant emphasizes that it is within the discretion of the trier of fact to determine the weight and credibility of the evidence, including prior art. Id. at 2. Defendant also asserts that Barbas is a "neutral witness" whose only contact with the Defendant was to get "name and number of the [Defendant's] attorney." Id. at 2.

"Rule 602 does not require the witness' personal knowledge to rise to the level of certainty to be admissible." S.E.C. v. Singer, 786 F.Supp. 1158, 1167 (S.D.N.Y. 1992) (citing United States v. Reitano, 862 F.2d 982, 987 (2d Cir. 1988)). The Court concludes that under Rule 602, the Defendant's evidence is admissible. As applied here, the Court finds that Barbas and Rawlings

3

should be permitted to testify and Plaintiff's motion to exclude their testimony should be denied. The Barbed Wire Patent raises the issue of whether the Defendant's evidence is sufficient to invalidate Plaintiff's patent. This latter issue requires reconsideration of the Court's earlier ruling on the Plaintiff's motion for partial summary judgment.

## 2. Plaintiff's Motion for Partial Summary Judgment

In its earlier ruling, the Court considered the Barbas and Rawling testimony as well as the 1970 Chopper article to create material factual disputes on the issue of inventorship sufficient to deny the Plaintiff's motion for partial summary on its patent infringement claim. (Docket Entry No. 81). That Memorandum is incorporated herein by reference.

Upon further consideration of that motion, in a patent action, a long standing rule is that testimony of witnesses who challenge the patent requires strict corroboration. In The Barbed Wire Patent., 143 U.S. 275 (1892), the dispute involved the novelty of a patent for barbed wire with twenty-four witnesses for the accused infringer whose testimony described prior use of the product for which the patent was issued. The Supreme Court stated:

> In view of the unsatisfactory character of testimony, arising from the forgetfulness of witnesses, their liability to mistakes, their proneness to recollect things as the party calling them would have them recollect them, aside from the temptation to actual perjury, courts have not only imposed upon defendants the burden of proving such devices, but have required that the proof shall be clear, satisfactory, and beyond a reasonable doubt. Witnesses whose memories are prodded by the eagerness of interested parties to elicit testimony favorable to themselves are not usually to be depended upon for accurate information.

> The very fact ... that almost every important patent, from the cotton gin of Whitney to the one under consideration, has been attacked by the testimony of witnesses who imagined they had made similar discoveries long before the patentee had claimed to have invented his device, has tended to throw a certain amount of discredit upon all that class of evidence, and to demand that it be subjected to the closest scrutiny.

4

Id. at 284-85.

In post-Barbed Wire rulings, the Supreme Court explained that with the *prima facie* validity of a registered patent, the defendant in a patent action bears a heavy burden of proof with all doubts against the invalidity of the patent: "In a suit for infringement of a patent it is not a part of the plaintiff's case to negative prior publication or prior use... These are matters of affirmative defense. ... The issue of the patent is enough to show, until the contrary appears, that all the conditions under which a discovery is patentable in accordance with the statutes have been met. ... [T]he burden of proving want of novelty is upon him who avers it. Not only is the burden to make good this defense upon the party setting it up, but his burden is a heavy one, as it has been held that 'every reasonable doubt should be resolved against him.'" Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 171 (1937) (citing Barbed Wire with other citations omitted). In another decision, the Supreme Court stated on a challenge to a patent based upon prior art that "[the defense's] oral testimony, if taken at its face value, would show that the Smith method was used in the Brooklyn incubator with eggs in staged incubation. But without corroboration, it is insufficient to establish prior use." Smith v. Hall, 301 U.S. 216, 222 (1937) (citing Barbed Wire).

More recently, conflicting opinions within the Federal Circuit exist on whether under Barbed Wire, testimony from a third party witness without a personal interest in the controversy needs corroboration. Compare Thomson v. Quixote Corp., 166 F.3d 1172 (Fed. Cir. 1999) (applying the corroboration rule to biased witnesses but not to non-party witnesses), with Finnigan Corp. v. International Trade Com'n., 180 F.3d 1354 (Fed. Cir. 1999) (following the strict corroboration standard). With this recent split of authorities, this Court shares the view of

5

other district courts that the " 'safe[st]' option is 'to operate under the assumption that the corroboration requirement still exists.'" Engate Inc. v. Esquire Deposition Services, LLC, 331 F.Supp.2d 673, 685 (N.D. Ill. 2004) (quoting K & K Jump Start/Chargers, Inc. v. Schumacher Electric Corp., 82 F.Supp.2d 1012, 1018 n. 7 (W.D. Mo. 2000)).

The dates and events described by Barbas and Rawlings are decades old. The 1970 photograph is unclear and too vague to provide a meaningful comparison to Plaintiff's patented product. Thus, even with the admissibility of this proof, the Court concludes that Defendant's proof is insufficient to meet the clear and convincing standard under Barbed Wire to invalidate Plaintiff's registered patent.

As to the other evidence of engines and witnesses, those witnesses and engines were not disclosed in the Defendant's prior responses to discovery requests nor identified in any Rule 26(a)(1) disclosures nor in any supplementation, as required by the Case Management Order (Docket Entry No. 22 and Fed. R. Civ. P. 26(e). Thus, this evidence is excluded. Fed. R. Civ. P. 16(f). To allow the introduction of evidence on the eve of trial would be a manifest injustice to the Plaintiff. In any event, this proof also is insufficient to meet the Defendant's high burden of proof.

For the above-stated reasons, although the Court concludes the Plaintiff's motions in limine should be denied. The Court also concludes that the Defendant's proof does not meet the The Barbed Wire standard and Plaintiff's motion for partial summary judgment on his patent infringement claim should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the _____ day of August, 2006.

6

WILLIAM J. HAYNES, JR.
United States District Judge

Case 3:04-cv-00177   Document 153   Filed 08/10/06   Page 7 of 7 PageID #: 1182